IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LATOYA SHEKETA SMITH                                         PETITIONER

V.                          4:07CR00314
                            4:09CV00964

UNITED STATES OF AMERICA                                     RESPONDENT

## ORDER

On September 12, 2008 the petitioner pled guilty to a five count superseding information pursuant to a plea agreement: Count One charged possession of counterfeit securities with the intent to deceive, a violation of 18 U.S.C. §513(a); Count Two charged possession of five or more identification documents with the intent to use them unlawfully, a violation of 18 U.S.C. §1028(a)(3); Count Three charged knowing possession of another's identification during and in relation to the crime charged in Count 2, a violation of 18 U.S.C. §1028A; and Counts Four and Five charged wire fraud, a violation of 18 U.S.C. §§1343 and 3147.  On January 21, 2009, Petitioner was sentenced to 58 months imprisonment, three years supervised release on each count and restitution in the amount of $41,059.35.  Petitioner did not file a direct appeal.  On October 27, 2009 Petitioner filed a motion to reduce her sentence which was denied by the Court on December 1, 2009.

On December 30, 2009, Petitioner filed a *pro se* motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. §2255 (docket # 62).  Petitioner filed motions to amend, supplemental briefs and  replies in support of her petition on February 19, 2010, March 15, 2010, July 2, 2010, July 30, 2010, August 16, 2010, September 27, 2010 and October 12, 2010 (docket #'s 70, 72, 82, 83, 87, 93 and 94).   Petitioner argues: (1)  She received ineffective assistance of

counsel because her attorney did not object to misleading and incorrect information contained in the pre-sentence report and the plea agreement; (2) She received ineffective assistance of counsel because her attorney did not object to the plea agreement and gave incorrect advise concerning the pre-sentence report; (3) Her attorney was ineffective when he failed to provide her with a copy of her pre-sentence report 35 days before her sentencing; (4) She received ineffective assistance of counsel when her counsel failed to object to the pre-sentence report; and, (5) Her counsel rendered ineffective assistance because he failed to argue that the sentencing guidelines were advisory instead of mandatory. In Petitioner's supplemental filings, docket #'s 83 and 87, she asks the Court to vacate her convictions under 18 U.S.C. §§1028A and 1343.

Petitioner's first, second, third and fourth points argue ineffective assistance of counsel in failing to object to a sentencing enhancement that was included in the pre-sentence report but not in the plea agreement. To prove a claim of ineffective assistance of counsel, petitioner must show both that her counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced her defense. *See, Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). "Where the conviction was entered on the basis of a guilty plea, the second part of the test is slightly modified. In the guilty plea context, the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial.'" *Matthews v. United States,* 114 F.3d 112, 114 (8th Cir. 1997).

Petitioner has failed to prove ineffective assistance of counsel. Petitioner argues that her counsel was ineffective in failing to object to a two level enhancement for sophisticated means pursuant to U.S.S.G. §2B1.1(b)(9)(C). This enhancement was included in the pre-sentence

report but was not specifically addressed in the Plea Agreement.  However, the Plea Agreement provided: "if there are additional matters that arise in the pre-sentence report that are not addressed here, the parties agree to submit those to the Court for determination." (Plea Agrm't, p. 5).

At the time of sentencing, Petitioner was facing the possibility of receiving both a third level reduction for acceptance of responsibility and a 5K.1 departure.  Petitioner's counsel could have reasonably determined that an objection to the enhancement might have resulted in the loss of the third point for acceptance of responsibility or the possibility of a 5K, especially in light of the evidence supporting the enhancement.  The superceding information to which Petitioner pled guilty alleged that she engaged in a scheme which included: (1) contacting Paychex, Inc. and representing to them that she had a business in need of payroll services; when, in fact, no such company existed;  (2) meeting with a representative of the Little Rock, Arkansas branch of Paychex, Inc. and signing documents to provide payroll processing services; (3) representing that she had four employees and providing direct deposit information for all four; (4) contacting the Little Rock branch of Paychex, Inc. office and submitting a payroll request for four individuals on behalf of the phoney business; (4) as a result, money was wired to the accounts previously provided for the four individuals; (5) the  accounts were actually prepaid VISA and MasterCard accounts. "In assessing counsel's performance, courts defer to reasonable trial strategies and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004) (internal quotations omitted).   The Court cannot say that counsel's conduct in this case fell below the wide range of reasonable professional assistance.

Further, Petitioner has failed to show that she suffered prejudice even if the Court were to find that her counsel was deficient in failing to object. Petitioner has failed to demonstrate a reasonable probability that, but for her counsel's error, she would not have pleaded guilty and would have insisted on going to trial. Further, as set forth above, the Superceding Information to which the Petitioner pled guilty contained sufficient evidence to support the enhancement. And, even if the Court had not applied the enhancement based upon Petitioner's objection, there is no evidence the government would have moved for or the Court would have granted the third point for acceptance of responsibility or the §5K1.1 departure[1].

Petitioner's argument that counsel was ineffective for failing to argue the guidelines as advisory also fails. The Court advised the Petitioner at the Plea Change Hearing conducted on September 12, 2008 that the United States Sentencing Guidelines "are essentially advisory to me, which means, although I will look to the guidelines first for guidance, I'm not bound to sentence you within the guideline range if I think a sentence above or below that range is more appropriate. . . . " (Plea Change Transcript, p. 10). To the extent that Petitioner is challenging the sentence for the aggravated identity theft charge, the two year consecutive sentence was mandated by statute.

Petitioner's arguments requesting the Court vacate her convictions under 18 U.S.C. §§1028A and 1343 have no merit. Petitioner argues that the United States Supreme Court

---

[1] The government requested the Court grant the Petitioner the third point for acceptance of responsibility. The Court calculated a total offense level of 22 and a criminal history category of III. The guidelines provided an imprisonment range of 51 to 63 months, however, Count III required the imposition of a two year term of imprisonment consecutive to any other sentence imposed. The government made a 5K motion requesting that the Court depart from the low end of the guideline range by one third, resulting in a sentence of 34 months followed by the two year consecutive sentence required by Count III.

decision in *Skilling v. United States*, 130 S.Ct. 2896 (2010) which construes 18 U.S.C. §1346 invalidates her conviction. Petitioner pled guilty to and was sentenced for wire fraud in violation of 18 U.S.C. §1343. Petitioner was not charged or sentenced under Section 1346 which pertains to schemes to defraud involving deprivation of honest services.

Petitioner argues that her conviction on Count 3 of the Superseding Information charging violation of 18 U.S.C. §1028A, to which she pled guilty, should be vacated because there was no factual basis to show that she knew the identifications belonged to real people. Petitioner relies on the recent United States Supreme Court decision in *Flores-Figueroa v. United States*, 129 S.Ct. 1886 (2009). *Flores* resolved a split in the circuits finding that in order to prove aggravated identity theft pursuant to 18 U.S.C. §1028A, the government must prove that the means of identification the defendant unlawfully possessed, or used, did, in fact, belong to another person. At the Change of Plea Hearing on September 12, 2008, the Petitioner admitted she used the identification of another person, (Plea Change Transcript, p. 13), and that there were approximately sixteen genuine Arkansas identification cards and driver's licenses which she knew belonged to real individuals, (Plea Change Transcript, p.13-14 and 19-21). Accordingly, sufficient evidence existed that Petitioner knew the identification she used belonged to real individuals.

The Court concludes that an evidentiary hearing is not required in this matter. The record conclusively shows that Petitioner is not entitled to the relief she seeks. *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are

contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

For the reasons stated above, Petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255,(docket #62) is denied .

IT IS SO ORDERED this 3rd day of November, 2010.

*/s/ James M. Moody*
James M. Moody
United States District Judge